UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DAWN GORDON ET AL | CIVIL ACTION NO. 6:23-CV-01139 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SHERIFFS OFFICE ADAMS COUNTY ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Now before this Court is the RULE 12(B) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION filed by Adams County Sheriff's Office and/or Adams County, Dale Gaden Wayne Cardwell, and Travelers Indemnity Company (collectively "Defendants"). (Rec. Doc. 26). Plaintiffs Dawn Gordon, individually, and Dawn Gordon and Zachary Folse, on behalf of their minor daughter, Kali Folse (collectively "Plaintiffs"), oppose the motion. (Rec. Doc. 30). Defendants filed a reply (Rec. Doc. 31), and Plaintiffs filed a response with leave of court. (Order, Rec. Doc. 33; Response, Rec. Doc. 34).

The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the undersigned recommends that Defendants' motion be DENIED.

**Factual and Procedural Background**

This case arises out of a January 26, 2023 automobile accident in Lafayette Parish, Louisiana. Plaintiffs allege that Cardwell, an Adams County employee attending a police training in Lafayette, Louisiana, was travelling on Louisiana

1

Highway 167 and "sideswiped and crashed into" the vehicle being driven by Dawn Gordon and occupied by Kali Folse. (Complaint, Rec. Doc. 1 at ¶ 6).

On August 22, 2023, Plaintiffs filed the instant suit against Defendants seeking recovery for Dawn Gordon's medical expenses, lost wages and/or lost earning capacity, and damages for Kali Folse's medical expenses and general damages. (Rec. Doc. 1 at ¶¶ 2). On January 19, 2024, Plaintiffs sent a "Notice of Claim under MS Code §11-46-11" via certified mail to the Sheriff of Adams County advising him of the claim and accident but stating that it was filed as a "Protective Claim in light of litigation pending in Louisiana on the same facts and occurrence." (Rec. Doc. 30-3).

The parties do not dispute diversity of citizenship, that Cardwell was employed as a patrol deputy with Adams County, and that he was acting in the course and scope of his employment with Adams County at the time of the accident in Lafayette, Louisiana. (Rec. Doc. 26-1, p. 3,4). In addition, while neither the Complaint nor the the Amended Complaint alleges specifically that the amount in controversy exceeds $75,000, based on the types of damages sought, the nature of the injuries, and the allegations in the Notice of Claim that she is seeking the full amount of damages allowed under the Mississippi Tort Claims Act (MTCA)[1], the Court finds that the amount in controversy exceeds $75,000. (Rec. Docs. 1, 24, 30-3).

---

[1] She also alleged in the Notice of Claim that the current amount of Dawn Gordon's medical bills was $28,000, that she had undergone all conservative modalities for her neck, and that she will need cervical surgery. (Rec. Doc. 30-3).

2

Defendants filed the instant motion pursuant to Rule 12(b).[2] (Rec. Doc. 26). Particularly, Defendants seek dismissal because the "pre-requisite provisions of the Mississippi Tort Claims Act have not been followed. Therefore, the sovereign immunity enjoyed by Defendants herein has not been waived." (Rec. Doc. 26 at ¶ 5). Also, this Court "does not have jurisdiction over the subject matter of this suit where the defendant's political subdivision of the State of Mississippi and its employee have not waived sovereign immunity." (*Id.* at ¶ 4). Plaintiffs contend that this Court has subject matter jurisdiction and that sovereign immunity does not extend to the Adams County Sheriff's Office and/or Adams County because they are political subdivisions rather than arms of the state. (Rec. Doc. 30).

## **Applicable Standards**

A motion to dismiss pursuant to Rule 12(b)(1) challenges a district court's subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate

---

[2] In the Law and Argument section of their memorandum, Defendants refer to Rule 12(b)(6) and assert: "A Rule 12(b)(6) motion evaluates whether plaintiff's claim is plausible on the face of the petition and all well pled allegations are assumed true for purposes of the motion." (Rec. Doc. 26-1 at 5) (citations omitted). However, the same section goes on to state:

> Central to establishing whether Plaintiff has any existing legal right upon which relief sought may be granted in a federal court located in the State of Louisiana, is the legal status and capacity of the defendants. Plaintiff has no legal right of action to pursue her claim against political entities of the State of Mississippi in a state court located in the state of Louisiana as there is no subject matter jurisdiction over such a claim. Sovereign immunity bars the claim. See [] *Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1490, 203 L. Ed. 2d 768 (2019) (Hyatt III) which holds that States retain their sovereign immunity from private suits brought in the courts of other States.

(*Id.* at 5) (cleaned up). Defendants titled this motion as a motion to dismiss for lack of subject matter jurisdiction and do not refer to the Rule 12(b)(6) standard elsewhere in their briefing. Accordingly, the Court construes the motion as seeking dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

3

the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)

When considering such a motion, a court may base its jurisdictional finding upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting federal jurisdiction "constantly bears the burden" of proving its existence. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1996)). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Block v. Texas Bd. of Law Examiners*, 952 F.3d 613, 616 (5th Cir. 2020) (quoting)). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Ramming v. United States,* 281 F.3d at 161. The court's dismissal of a plaintiff's case because the court lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) *cert. denied*, 102 S. Ct. 396 (1981). Facial attacks, which question the sufficiency of the pleadings,

4

require the court to consider the allegations in the complaint as true. *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975). During factual challenges to subject matter jurisdiction, courts are allowed to look outside of the pleadings and no presumptive truthfulness attaches to the allegations in the complaint. *Williamson*, 645 F.2d at 413.

## Analysis

As stated above, because the Court has found that the complete diversity requirement of § 1332 is met and the amount in controversy exceeds $75,000, there is federal subject matter jurisdiction based on diversity of citizenship. However, Defendants claim that the Court lacks subject matter jurisdiction due to a lack of statutory or constitutional power on this Court's part because sovereign immunity was not waived. (Rec. Doc. 26-1). In particular, Defendants argue that

> in order to file a claim against a state entity under the Mississippi Tort Claims Act, notice of the claim must be provided at least 90 days prior to filing suit. Miss. Code Ann. § 11-46-11(1). Notice is mandatory and failure to provide statutory notice can result in dismissal. See *Newton v. Lincoln County*, 86 So. 3d 270 (Miss. Ct. App. 2012). Where, as in the present case, the prerequisite of statutory pre-suit notice was not filed prior to the filing of the federal suit, the waiver of sovereign immunity is not accomplished. *Springer v. Ausbern Const. Co.*, 231 So. 3d 1065, 1071 (Miss. Ct. App. 2016), Plaintiffs' remedy is to proceed in state court in Mississippi where the notice of claim was recently filed.

(Rec. Doc. 26-1, p. 6).

Defendants further claim that pursuant to the MTCA,[3]

> The Full Faith and Credit Clause requires a court to afford political subdivisions of the State of Mississippi, immunity to the extent Louisiana political subdivisions are entitled to immunity under Louisiana law. *Franchise Tax Bd. of California v. Hyatt*, 578 U.S. 171,

---

[3] Miss. Code Ann. § 11-46-15.

> 136 S. Ct. 1277, 194 L. Ed. 2d 431 (2016) (*Hyatt II*). That is, the Defendants herein must be given the sovereign immunity protections of the Mississippi Tort Claims Act where the policies of the foreign and forum state, Louisiana, are not opposed to each other, as with the application of damage caps. These protections are best applied by a court sitting in the State of Mississippi.

(Rec. Doc. 26-1, p.7)

In response, Plaintiffs assert that the Eleventh Amendment does not confer sovereign immunity to the Adams County Sheriff's Office and/or Adams County because they are political subdivisions of the state rather than arms of the state. (Rec. Doc. 30, p. 4,5).   Plaintiffs further assert that *Hyatt III* is inapplicable to the instant matter because it concerned an entity which was an arm of the state.

In reply, Defendants assert that the "lack of subject matter jurisdiction is not based on an 11th Amendment analysis but rather on Constitutional Sovereign Immunity as recognized in *Hyatt III* and application of the principles of comity as it relates to Mississippi laws protecting Mississippi political subdivision and its employees." (Rec. Doc. 31, p. 1).  Defendants argue that, according to the MTCA, a claimant must file a notice of claim with the chief executive officer of the governmental entity 90 days before filing suit with the failure to do so requiring dismissal.

The Constitution affords states two types of immunities. First, the Eleventh Amendment immunity applies to suits between a State and a citizen of another State. *See* U.S. Const. amend. XI.  Second, state sovereign immunity, prohibits a broader range of suits against states. *See Franchise Tax Bd. of Cal. v. Hyatt*, 139 S. Ct. 1485, 1496 (2019) ("The sovereign immunity of the States, we have said, neither derives

from, nor is limited by, the terms of the Eleventh Amendment. Consistent with this understanding of state sovereign immunity, this Court has held that the Constitution bars suits against nonconsenting States in a wide range of cases." (internal quotation marks omitted)). *Tercero v. Tex. Southmost Coll. Dist.*, 989 F.3d 291, 298 (5th Cir. 2021).

"The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 97 S.Ct. 568, (1977) (internal citations omitted). The Fifth Circuit has recognized that Louisiana sheriffs "are political subdivisions that are not protected by the Eleventh Amendment." *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 282 (5th Cir. 2002). *See also Porche v. St. Tammany Parish Sheriff's Office*, 67 F. Supp. 2d 631, 634-36 (E.D. La. 1999) (applying six-factor test and concluding that "a sheriff in Louisiana may not be properly characterized as an arm of the state and, therefore, the Eleventh Amendment affords a sheriff in Louisiana no protection against being sued."). Defendants cite no similar authority as to Mississippi sheriffs much less any authority arising out of claims outside of Mississippi. In their reply, Defendants clarify that their jurisdiction argument does not implicate the Eleventh Amendment but rather that they challenge jurisdiction under the principle of comity.

"Comity is a principle under which the courts of one state give effect to the laws of another state or extend immunity to a sister sovereign not as a rule of law, but rather out of deference or respect." *Lee v. Miller County, Ark.*, 800 F.2d 1372, 1375

(5th Cir. 1986). The application of comity among sister states has been encouraged by the Supreme Court. *Nevada v. Hall*, 440 U.S. 410, 426 (1979). (overruled by *Hyatt III*).[4] Louisiana courts will generally implement the comity principle unless: (1) "the foreign state declines to extend comity to Louisiana or sister states under the same or similar circumstances; or (2) the foreign law produces a result in violation of Louisiana's own legitimate public policy." *Thinkstream, Inc. v. Anderson*, 2007 WL 9702691 (M.D. La. 3/27/2007), *Levert v. Univ. of Ill.*, 857 So. 2d 611, 619 (La. App. 1st Cir. 2003).

Defendants cite *Hyatt III*, but they do not address its applicability and arguably do not invoke constitutional sovereign immunity.[5] However, Defendants' citation of *Lee v. Miller County, Arkansas*, 800 F.2d 1372, at 1374 n. 3 (5th Cir. 1986), rests on comity. The comity argument was raised for the first time in Defendants' reply memorandum. The Fifth Circuit and this Court recognize that "[a]rguments raised for the first time in a reply brief are generally waived." *Love v. Garner*, 2022 WL 2866210, at *2 n.3 (W.D. La.) (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Pipkins v. Stewart*, 2019 WL 1442218, at *12 n.49 (W.D. La.). Given federal courts' obligation to examine subject matter jurisdiction, this Court will address the comity argument. Consideration of Defendants' comity argument—although raised for the first time in a reply brief—does not prejudice Plaintiffs since the Court allowed

---

[4] Both *Hall* and *Hyatt* dealt with suits against sister states brought in state courts against arms of the state, rather than a suit against a political subdivision brought in a federal court sitting in diversity.
[5] Defendants cite *Thinkstream*, which states: "[T]he issue presented by this motion is not one involving the Eleventh Amendment which bars suits against states in federal court, because that shield does not extend to political subdivisions of the states." 2007 WL 9702691, at *2 (citing *Lee v. Miller County*, 800 F.2d 1372, at 1374 n. 3 (5th Cir. 1986)).

8

Plaintiffs to respond. (Rec. Doc. 34). *See generally Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 295 (5th Cir. 2022) (noting that a district court abuses its discretion when it considers arguments raised for the first time in a reply without allowing the non-movant to respond).

In support of their argument that Louisiana should defer to Mississippi, Defendants assert in their reply that "both states have passed legislation limiting actions and recoveries against political subdivisions and employees of political subdivisions. Accordingly, applying the principles of comity, dismissing this matter so as to allow its prosecution in Mississippi would not violate any public policy." (Rec. Doc. 31 at 2) (citing Miss. Code Ann. § 11-46-1 *et seq*.); La. Stat. Ann. § 13:5101 *et seq*.). While this statement is true enough for actions within Louisiana and Mississippi, Defendants cite no authority for the extra-territorial application of those statutory regimes, and this Court's research has yielded no Mississippi state court or federal district court citing—much less applying—the Louisiana Governmental Claims Act, La. Stat. Ann. § 13:5101 *et seq*., to claims against Louisiana political subdivisions and employees named in tort suits in Mississippi.

While it appears that the MTCA's notice provision may preclude Plaintiffs' claims in this Court, the Court is unable to reach such a conclusion based on the evidence and authority cited by Defendants. Defendants did address whether the Notice of Claim filed by Plaintiff was answered by Adams County and/or whether that claim is now barred by the statute of limitations. In addition, while appealing to this Court to defer to Mississippi, they have failed to recognize or analyze any

9

interests Louisiana may have in protecting its citizens—who were allegedly struck by a county sheriff's employee attending a training in Louisiana—from having to litigate in a court well over one hundred miles away in another state. They cite no authority wherein a Louisiana court concluded that a claim brought by a Louisiana plaintiff allegedly injured in Louisiana by a Mississippi county employee with liability coverage is subject to the restrictive provisions of the MTCA and would not run afoul of Louisiana's legitimate public policy. Defendants have failed to satisfy their burden that comity requires this matter to be dismissed. Accordingly, for the reasons expressed above, the Court recommends that the Motion to Dismiss be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that the RULE 12(B) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION filed by Adams County Sheriff's Office and/or Adams County, Dale Gaden Wayne Cardwell, and Travelers Indemnity Company (Rec. Doc. 26) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

Signed in chambers this 30th day of September, 2024.

_____
David J. Ayo
United States Magistrate Judge